IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| COMPETITIVE SERVICES INTERNATIONAL, INC. d/b/a All About Doors & Windows, LLC 110 East 16th Avenue, North Kansas City, Missouri, 64116,<br><br>Plaintiff,<br><br>v.<br><br>MIDWEST FAMILY MUTUAL INSURANCE COMPANY, 3033 Campus Drive, Suite E195, Plymouth, MN 55441,<br><br>Defendant. | Case No.: |

**PLAINTIFF'S COMPLAINT FOR BREACH OF CONTRACT
AND FOR VEXATIOUS REFUSAL TO PAY**

COMES NOW, the Plaintiff, COMPETITIVE SERVICES INTERNATIONAL, INC. d/b/a ALL ABOUT DOORS & WINDOWS, L.L.C. (hereinafter, "Plaintiff"), by and through the undersigned counsel, and respectfully files this two-count Complaint for Breach of Contract and for Vexatious Refusal to Pay against Defendant, MIDWEST FAMILY MUTUAL INSURANCE COMPANY, (hereinafter, "Defendant") and states as follows.

1

## PARTIES

1. Plaintiff COMPETITIVE SERVICES INTERNATIONAL, INC. d/b/a All About Doors & Windows, L.L.C. is a Missouri corporation and operates its business in the State of Missouri.

2. Specifically, Plaintiff owns commercial buildings and a parking lot located at 110 East 16th Avenue, North Kansas City, Clay County, Missouri 64116, which is the subject of this lawsuit.

3. Defendant is a Minnesota insurance corporation conducting business, including insurance transactions, in the State of Missouri. Upon information and belief, Defendant is authorized by the Missouri Department of Insurance to issue and sell property and casualty insurance in the State of Missouri, with its registered agent located at P.O. BOX 9425, MINNETONKA, MO 55440-9425 and may also be served by service upon the Missouri Commissioner of Insurance.

## JURISDICTION AND VENUE

4. Jurisdiction is proper with this Court pursuant to 28 U.S.C § 1332(a) because the parties are of diverse citizenship and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.

5. Venue is proper with this Court pursuant to 28 U.S.C. § 1391(a) and Local Rule 3.1 because a substantial part of the events or omissions giving rise to this action occurred in Missouri, and because the insured property that is the subject of the action is situated in Kansas City, Clay County, Missouri.

## GENERAL ALLEGATIONS

6. At all times material hereto, Plaintiff was insured by Defendant. A true and correct copy of the Policy, Policy #CPMO0560114048 is attached hereto and incorporated herein as **Exhibit "A."**

7. The policy was effective from February 15, 2017, to February 15, 2018, and Plaintiff paid all premiums on the Policy. As such, the Policy was in full force and effect at all times material hereto.

8. All conditions precedent to obtaining payment of benefits under the Policy have been complied with, met, waived, or otherwise satisfied.

9. On or about May 18, 2017, Plaintiff's property located at 110 East 16th Avenue, North Kansas City, Clay County, Missouri 64116, suffered damages resulting from a windstorm.

10. Plaintiff timely notified Defendant regarding the loss, and Defendant then assigned a claim number to Plaintiff's claim: #00358573.

11. Defendant then improperly determined that the Plaintiff did not have coverage for the loss and denied the Plaintiff's legitimate claim.

12. Despite the denial, Defendant subsequently hired Boone Brothers inspect the Plaintiff's property.

13. Boone Brothers identified covered damages to the property and estimated the cost of repairs which Defendant utilized by offering claim proceeds to resolve the claim based on an improper repair proposed by Boone Brothers.

14. To date, however, the Defendant has failed to properly investigate the loss and/or pay the claim.

15. Plaintiff has complied with all conditions precedent to filing this lawsuit, yet Defendant has improperly denied the claim and has failed to otherwise meet its obligations under the policy of insurance.

**COUNT I**
**(FOR BREACH OF CONTRACT)**

16. Plaintiff hereby re-alleges paragraphs one through fifteen, as if fully set forth herein and states as follows.

17. This is an action for damages for a breach of contract against Defendant for benefits under an insurance policy, Policy #CPMO0560114048 that was in effect at the time of the loss.

18. Defendant underwrote and issued an insurance policy that covered the Plaintiff's property effective from February 15, 2017, to February 15, 2018. *See* **Exhibit "A."**

19. The insurance policy is an all-risks policy that provides coverage for any and all perils not specifically excluded under the terms of the insurance policy.

20. Wind is among the covered losses under the policy and were not excluded.

21. On May 18, 2017, while the policy was in full force and effect, Plaintiff's property suffered damages as a result of a windstorm.

22. Plaintiff provided prompt notice of its claim to Defendant.

23. Nonetheless, despite Plaintiff's full cooperation with the pertinent policy conditions, the Defendant improperly denied the claim without performing a thorough and proper investigation, and then proceeded to investigate the property after its claims decision had already been made by hiring Boone Brothers to propose an improper repair for the covered damages.

24. Defendant's refusal to properly investigate the loss and tender payment resulting from the covered loss is a breach of the terms of the policy.

25. Defendant has failed to pay for the total loss that has occurred to the building.

26. As direct result of Defendant's breach of the terms of the insurance contract, Plaintiff has suffered a total loss to the damaged structure, consequential damages resulting from Defendant's refusal to pay the Plaintiff the requisite policy benefits and delay, as well as the costs associated with hiring a Public Adjuster and Attorneys to assist him with the loss, appropriate interest and taxable costs.

**WHEREFORE**, Plaintiff, COMPETITIVE SERVICES INTERNATIONAL, for Count I, prays this Court enter an award against Defendant, MIDWEST FAMILY MUTUAL INSURANCE COMPANY, for compensatory damages, consequential damages, in an amount that exceeds $75,000.00, exclusive of interest and costs, together with pre-and post-judgment interest, costs of this action, attorneys' fees and such other further relief this Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Further, Plaintiff demands a trial by jury on all issues so triable as a matter of right.

5

Case 4:19-cv-00395-LMC   Document 1   Filed 05/17/19   Page 5 of 8

## COUNT II
### (FOR VEXATIOUS REFUSAL TO PAY)

27. Plaintiff re-alleges paragraphs numbered 1 through 26 as if fully set forth herein and further states:

28. Despite the policy covering for direct physical damage, and a covered loss resulting in confirmed damages, the Defendant has denied the Plaintiff's claim in its entirety and refuses to admit that there is even coverage for the loss and/or proposes an improper repair for the covered loss.

29. Defendant denied the claim without conducting a thorough and proper investigation of the loss.

30. These acts and inactions by the Defendant have significantly delayed the claim.

31. Defendant's failure to indemnify the Plaintiff for its covered loss is an example of a vexatious refusal to pay claim damages.

32. Defendant denied the claim based on misinformation.

33. Moreover, Defendant failed and refused to provide requested documentation to the Plaintiff, including information collected at its inspection.

34. As such, Defendant failed to fully explain to its insured and/or his representatives why it would not cover the loss and/or the basis for the improper repair proposed which fails to properly restore the Plaintiff to its pre-loss condition.

35. Defendant's failure to clearly communicate with Plaintiff and/or his representatives is another example of its misconduct and vexatious refusal to pay claim damages.

36. Defendant's failure to state its intentions timely is also an example of its vexatious refusal to pay claim damages.

44. Defendant's vexatious refusal to pay the Plaintiff's claim is without just cause or excuse.

45. As a direct and proximate result of Defendant's breach of insurance contract and vexatious refusal to pay Plaintiff's claim, Plaintiff has suffered the following damages:

   a. Wind damage to the roofing system;

   b. Attorneys' fees and costs; and

   c. Interest from payment on the loss that should have been already been paid.

46. Defendant's refusal to tender adequate payment for Plaintiff's covered loss, which is due and owing under the policy of insurance, is a vexatious failure to pay pursuant to RSMo. §§ 375.420 and 375.296 and accordingly, Plaintiff is entitled to additional damages provided by these statutes, including reasonable attorneys' fees and costs associated with the prosecution of this case.

**WHEREFORE**, Plaintiff, COMPETITIVE SERVICES INTERNATIONAL, for Count II, prays this Court enter an award against Defendant, MIDWEST FAMILY MUTUAL INSURANCE COMPANY, for compensatory damages, consequential damages, in an amount that exceeds $75,000.00, exclusive of interest and costs, together

with pre-and post-judgment interest, costs of this action, attorneys' fees and such other further relief this Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Further, Plaintiff, COMPETITIVE SERVICES INTERNATIONAL, INC., demands a trial by jury on all issues so triable as a matter of right.

**MERLIN LAW GROUP, P.A.**

By: /s/*J. Drew Houghton*
J. Drew Houghton   MO #70839
Applying Pro Hac Vice
MERLIN LAW GROUP. P.A.
211 N. Robinson Ave., Ste. 210
Oklahoma City, OK 73102
Telephone:   (405) 218-1105
Facsimile:   (405) 218-1105
Email:  dhoughton@merlinlawgroup.com

**PHILIP A. KLAWUHN & ASSOCIATES, P.C.**

By: */s/ Philip A. Klawuhn*
Philip A. Klawuhn, MO #31012
**Philip A. Klawuhn & Associates, P.C**.
10150 N. Ambassador Drive, Suite 100
Kansas City, Missouri 64153
Telephone: (816) 891-6688
Facsimile: (816) 891-7474
E-Mail: phil@philklaw.com

*ATTORNEYS FOR PLAINTIFFS*